UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALZATA ELAINE HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 14-cv-02779-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 26 |

On June 20, 2016, Plaintiff Alzata Elaine Henderson filed a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), following the sentence four remand of the social security case to the Commissioner. (Pl.'s Mot., Dkt. No. 26.) Defendant Commissioner of the Social Security Administration Carolyn W. Colvin opposed the motion on the grounds that the amount of hours claimed is unreasonable. (Def.'s Opp'n, Dkt. No. 28.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and GRANTS IN PART AND DENIES IN PART Plaintiff's motion for attorneys' fees.

## I.   BACKGROUND

On June 16, 2014, Plaintiff Alzata Elaine Henderson filed this action for judicial review, pursuant to 42 U.S.C. §§405(g). In her motion for summary judgment, Plaintiff argued that Defendant erred: (1) by failing to include Bipolar Disorder and Post-traumatic Stress Disorder ("PTSD") as severe impairments; (2) by rejecting the opinions of Plaintiff's treating and examining sources without clear and convincing or specific and legitimate reasons; (3) in evaluating Plaintiff's credibility; (4) in determining Plaintiff's residual functional capacity ("RFC"); (5) by relying on vocational expert testimony that is based on an incomplete hypothetical; and (6) by relying on vocational expert testimony that conflicts with the Dictionary

of Occupational Titles ("DOT"). (Dkt. No. 21.)

On March 22, 2016, this Court granted Plaintiff's motion of summary judgment and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. No. 24.) The Court found for Plaintiff on five out of the six issues raised, finding it unnecessary to decide on the sixth issue. *Id.* The Court ordered that, on remand, the Administrative Law Judge ("ALJ") will accept the improperly rejected treating and examining source opinions as true, properly assess Plaintiff's testimony, include in the RFC determination the limitations identified by treating and examining sources that the ALJ improperly rejected, and obtain new vocational expert testimony based on a complete hypothetical that includes the omitted limitations. *Id.* The judgment became final on May 23, 2016, when the time to file an appeal expired.

On June 20, 2016, Plaintiff filed a motion for attorneys' fees pursuant to the Equal Access for Justice Act ("EAJA"). (Pl.'s Mot., Dkt. No. 26-1.) On July 5, 2016, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 28.) On July 12, 2016, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 29.) On August 4, 2016, Defendant filed a surreply to address whether it opposed Plaintiff's request for an additional 7.0 hours expended in connection with the instant motion. (Def.'s Surreply, Dkt. No. 31.)

## II.    LEGAL STANDARD

A court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has defined "substantially justified" as "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of establishing substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

The starting point for determining whether a fee is reasonable is to calculate the lodestar amount, which equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts should generally

2

"defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). An applicant may be awarded fees for hours spent litigating an EAJA fee award. *INS v. Jean*, 496 U.S. 154, 162 (1990).

### III. DISCUSSION

Plaintiff moves for a total attorneys' fee award of $19,123.09. (Pl.'s Reply at 4.) As an initial matter, the Commissioner does not contend that her position was substantially justified. (Def.'s Opp'n at 2.) Thus, Plaintiff is entitled to an award of reasonable attorneys' fees as a prevailing party under 28 U.S.C. § 2412(d), and the only dispute is whether the number of hours expended on the appeal was reasonable.

#### A. Whether the Fee Amount Sought is Reasonable

In establishing the reasonableness of fees and expenses, Plaintiff bears the burden of documenting "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431.

Plaintiff has submitted declarations from the two attorneys who worked on her case: Steven Weiss, who billed 2.0 hours of time on this matter, and Joanna H. Parnes, who billed 91.75 hours of time, plus an additional 7 hours for time spent seeking EAJA fees. (Dkt. Nos. 26-1, 26-4, 26-5; Pl.'s Reply at 3-4.)

There is no dispute as to the hourly rate for either Mr. Weiss or Ms. Parnes, because it is set by statute. Rather, the parties disagree on the reasonableness of the number of hours billed. Specifically, the Commissioner argues that the fees are not reasonable because they are the result of impermissible block billing, the overall amount of time billed is excessive, and included at least one hour for clerical tasks. (Def.'s Opp'n at 4-5.) The Commissioner contends that Plaintiff is entitled to $7,768 in fees which would represent approximately 40 hours of attorney time. *Id.* at 5.

///

      **i.    Block Billing**

The Commissioner objects to four of Ms. Parnes's time entries as inadequately documented for failure to identify the amount of time spent on the task performed. "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, No. 08-340, 2011 WL 2413996, at *5 (D. Or. June 8, 2011). The four time entries at issue include 2.0 hours on January 12, 2015 for "Review [administrative] record, draft outline," 4.75 hours on January 13, 2015 for "Review record, draft MSJ," 6.0 hours on January 15, 2015 for "Legal research; draft MSJ," and another 3.0 hours on January 16, 2015 for "Legal research; draft MSJ." (Decl. of Joanna Parnes, "Parnes Decl.," Dkt. No. 26-5 at 2.) While Ms. Parnes could have been more specific with respect to the billing entries, plaintiff's counsel "is not required to record in great detail how each minute of [her] time was expended." *Hensley*, 461 U.S. at 437 n.12. "[P]laintiff's counsel can meet [her] burden—although just barely—by simply listing [her] hours and identifying the general subject matter of his time expenditures." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (internal citations and quotations marked omitted). Notwithstanding, the billing descriptions have not hampered the Court's ability to evaluate the reasonableness of the hours billed. Thus, the Court declines to reduce the hours sought due to counsel's block billing.

      **ii.    Time billed**

The Commissioner also argues that the overall time spent on briefing was excessive. (Def.'s Opp'n at 4.) Specifically, the Commissioner argues that this was a "routine" social security case, such that the more than 60 hours billed by Ms. Parnes spent reviewing the administrative record and researching and preparing the motion for summary judgment, and the 25 hours billed in connection with the reply brief are unreasonable. *Id.* at 5. The Commissioner proposes that the reasonable time spent is 25 hours in connection with the motion for summary judgment—despite acknowledging that 20 of the 25 pages was substantive briefing and not boilerplate— and 10 hours for the reply brief, and, therefore, proposes that the fee award be adjusted downward. *Id.* The Commissioner's position, however, is unavailing.

First, courts may not apply de facto caps limiting the number of hours attorneys can

reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court."). Although "a district court will always retain substantial discretion in fixing the amount of an EAJA award," *Jean*, 496 U.S. at 163, a reduction of fees greater than 10 percent requires clear, specific, and persuasive reasons from opposing counsel. *Moreno*, 534 F.3d at 1112, 1116 (allowing no more than a 10–percent "haircut" at the court's discretion). Here, the Commissioner's proposal would result in a more than 50 percent reduction in the amount of fees and the amount of hours for which counsel is compensated. This is a contravention of Ninth Circuit precedent:

> courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind. Instead, district courts must explain why the amount of time requested for a particular task is too high. Any other approach fails to give deference to the winning lawyer's professional judgment.

*Costa*, 690 F.3d at 1136.

Second, social security cases are not "routine." Rather, they "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Id.* at 1134 n.1. The administrative record in this case was nearly 700 pages, including numerous medical records from several health care providers detailing Plaintiff's multiple physical and mental health conditions, as well as reports from five different physicians regarding her physical and mental health issues. In addition, Plaintiff's motion for summary judgment analyzed six discrete errors made by the ALJ, five of which were decided in Plaintiff's favor, while the Court did not reach a decision on the sixth. (*See* Pl.'s Mot. at 6.) That Plaintiff's counsel spent upwards of 60 hours reviewing the record, researching the legal issues, and drafting the motion for summary judgment is not patently unreasonable given the voluminous medical record and the need to address the ALJ's weighing of the medical evidence with respect to the findings of five different physicians, and the complexity of the arguments raised. *See, e.g., Yesipovich v. Colvin*, No. 15-00112 WHA, 2015 WL 5675869, at *7 (N.D. Cal. Sept. 28, 2015) (49.67 hours for the motion for summary judgment and reply were compensable given that the case was highly fact

intensive, involved many administrative proceedings, and a voluminous administrative record); *Stevenson v. Astrue*, No. 10-04837 LB, 2012 WL 5412704, at *6 (N.D. Cal. Nov. 6, 2012) (rejecting argument that 59.3 hours was excessive).  The 61.75 hours billed in connection with the motion for summary judgment, however, is higher than the typical attorneys' fee award in social security cases, and Plaintiff fails to address why so many hours were expended.  Accordingly, while the Commissioner's proposed reduction is too harsh, the Court finds that a 10% reduction is appropriate. *Yesipovich*, 2015 WL 5675869, at *7 (10% reduction on motion for summary judgment was warranted).  Thus, Plaintiff may recover for 55.575 hours billed in connection with the motion for summary judgment.  The Court declines to impose a reduction for the 25.0 hours spent on the reply brief.  Accordingly, the Court finds that 80.575 hours were reasonably billed in connection with the motion for summary judgment, as were the 5.0 hours billed in connection with Ms. Parnes's initial review of the administrative record that occurred on January 9, 2015. (Parnes Decl. at 2.)  Thus, Plaintiff may recover $16,283.21 for work performed by Ms. Parnes.

### iii. Fees are not available for clerical tasks.

In opposition, the Commissioner contends that Plaintiff cannot recover for at least one hour of time billed for clerical tasks. (Def.'s Opp'n at 5.)  These tasks were performed by Mr. Weiss. (Dkt. No. 26-4.)  Plaintiff concedes that 1.25 hours spent on clerical tasks is not compensable, and reduces her request for fees by $237.63, which represents 1.0 hour at the 2014 rate of $190.06, and 0.25 hours at 2015 rate of $190.28. (Pl.'s Reply at 3.)  Thus, Plaintiff may only recover for 0.25 hours expended by Mr. Weiss in 2014, and 0.5 hours billed by him in 2015, which is a total of $142.66.[1]

### iv. Fees Related to the Fees Motion

Under EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the fee award. *Jean*, 496 U.S. at 161; *see also Love v. Reilly*, 924 F. 2d 1492, 1497 (9th Cir. 1991).  For the first time in her

---

[1] This does not include the time spent by Mr. Weiss in connection with the motion for attorneys' fees, which is addressed below. *See* discussion *infra* Part III.A.iv.

6

reply, Plaintiff requests $1,331.96 for 7.0[2] hours of time spent seeking EAJA fees, which consists of 0.5 hours spent meeting and conferring, 3.5 hours preparing the EAJA fee application and declarations, and 3.0 hours preparing the reply brief. (Pl.'s Reply at 3-4.)  While Plaintiff should have sought these fees in the original motion, the Commissioner had an opportunity to be heard by way of supplemental briefing.  Therein, the Commissioner argued that 4.5 hours is more reasonable. (Def.'s Surreply at 2.)  Notwithstanding, Plaintiff failed to support the request for fees incurred in relation to the motion for attorneys' fees with a sworn declaration as required by the Northern District's Civil Local Rules. *See* Civil L.R. 54-5(b).  Accordingly, Plaintiff cannot recover fees incurred in connection with the instant motion for attorneys' fees.

### B.   The Fee Award Should Be Payable Directly to Counsel

Pursuant to the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in a civil action (other than cases sounding in tort)...unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A)(emphasis added).  In *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010), the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing party or the attorney. The Supreme Court noted the absence of language in the EAJA explicitly directing fees to attorneys and compared EAJA with a provision in the Social Security Act making fee awards payable "to such attorney." *Id.* at 595 (citing 42 U.S.C. § 406(b)(1)(A)).  In so doing, the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id.* at 595.

Notwithstanding, courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the

---

[2] Plaintiff mistakenly calculated the total time of 8.0 hours, which would have been $1,522.24. (Pl.'s Reply at 3:23-4:1.) Plaintiff also inadvertently utilized 2015's statutory hourly rate of $190.28, rather than the 2016 rate of $191.70. *See* U.S. COURTS FOR THE NINTH CIRCUIT, Statutory Maximum Rates Under the Equal Access to Justice Act (2016), http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 28, 2016).

7

plaintiff does not owe a debt to the government. *See, e.g., Potter v. Colvin*, No. 14-cv-02562-JSC, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015); *Hampton v. Colvin*, No. 13-cv-04624-MEJ, 2015 WL 1884313, at *7 (N.D. Cal. Apr. 23, 2015); *Yesipovich v. Colvin*, No. 15-cv-00112-WHA, 2015 WL 5675869, at *8 (N.D. Cal. Sept. 28, 2015). As Plaintiff assigned her EAJA fees to Bay Area Legal Aid, Plaintiff's award, subject to any debt offset, shall be paid directly to Bay Area Legal Aid. (*See* Pl.'s Assignment, Dkt. No. 26-2.)

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act is GRANTED IN PART AND DENIED IN PART, and Plaintiff is awarded reasonable attorneys' fees in the amount of $16,425.87.

IT IS SO ORDERED.

Dated: August 16, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge